UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22CR00109 JAR/DDN ) |
| JUSEPH EUGENE SUERO-OLMEDA, | ) ) |
| Defendant. | ) ) |

**MOTION FOR PRETRIAL DETENTION**

Comes now the United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jennifer J. Roy, Assistant United States Attorney for said District, and moves the Court to order Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As and for its grounds, the United States of America states as follows:

1. The defendant is charged in Count One with access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), and in Counts Two and Three with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1).

2. According to information obtained during the course of this investigation, on October 3, 2021, a call was made to law enforcement that a white Dodge Charger was travelling at an estimated speed of 100 miles per hour on Interstate 70 and was weaving in and out of traffic. A Wright City Police Department (hereinafter "WCPD") police officer observed the vehicle; activated emergency lights and siren; and attempted to catch up to the white Dodge Charger. The WCPD officer observed that the Charger was traveling at about 95 miles per hour

1

on a posted 70 mile per hour interstate. The officer noted that the Charger's erratic lane changes caused multiple vehicles to apply the brakes. The Charger eventually exited the highway, and parked in a restaurant parking lot. The defendant was the driver and sole occupant of the Charger. The defendant lowered the driver-side window of the Charger as the WCPD officer approached. The WCPD officer noted that he could smell marijuana coming from the interior of the defendant's vehicle. The defendant advised the officer that he did not have his driver's license and verbally provided his pedigree information. The WCPD officer and assisting officers conducted a lawful search of the vehicle. The WCPD officer noted that marijuana residue was scattered throughout the vehicle. The investigators recovered approximately 27 Walmart gift cards, several Walmart receipts, one firearm, and ammunition from the defendant's vehicle. A Warren County Sheriff's Department (hereinafter "WCSD") detective advised the defendant of his constitutional rights pursuant to *Miranda v. Arizona*. The defendant waived his rights and made a knowing and voluntary statement. The defendant advised that he lived in both Florida and Oklahoma and was on his way from Oklahoma to his grandmother's funeral somewhere in Warren County. He said that he purchased the gift cards to present as gifts to funeral attendees. He provided various explanations as to how he paid for the gift cards. The investigation later revealed that the defendant was not in the Eastern District of Missouri to attend a funeral but instead was travelling throughout the Midwest using stolen credit card numbers to purchase Walmart gift cards. The gift cards recovered from the defendant's vehicle were all purchased with stolen bank information. Each card had a value of $480.00. It appears that the defendant used stolen bank account information in several states including Missouri, Iowa, Illinois, and Kansas.

   3.  The defendant made additional voluntary, oftentimes unsolicited, statements during his encounter with law enforcement. For example, the defendant stated that he was an

2

Army veteran and that he recently received an honorable discharge from the Army. He indicated that he was discharged because he helped a girlfriend with a medical issue without the permission of his commander. The defendant also advised that he was involved in "cybersecurity" while he was enlisted in the Army. The defendant's military records reflect, however, that the defendant was a culinary specialist, not involved in cybersecurity, and that his stated reason for discharge was "drug abuse."

4. The WCSD obtained a lawful search warrant which ordered the search of the defendant's mobile device. The United States Secret Service (hereinafter "USSS") executed the warrant. The results of the search revealed that the defendant had approximately 80 stolen credit card numbers stored on his phone. The results of the search also reflect, through photographs and conversations, that the defendant smokes marijuana. Photographs show him in the possession of firearms.

5. The investigation has revealed that the defendant is a Florida resident and that he has ties to Oklahoma. The defendant has no known ties to Missouri. The Charger was registered to the defendant's girlfriend who is also a Florida resident.

6. The defendant's criminal history reflects arrests for marijuana possession, domestic assault, and shoplifting. The defendant has a pending traffic case in Wright City, Missouri that is related to this investigation. The defendant failed to appear for that case in December and a warrant was issued for his arrest. It appears that the warrant was recalled after the defendant retained an attorney.

7. The circumstances of this case support the defendant's pretrial detention. Although this was not a violent offense, the defendant's conduct reflects that he was engaged in a multi-state crime spree involving financial fraud and identity theft. In the span of just three days, the defendant's criminal activity in the Eastern District of Missouri resulted in over

$12,000.00 of loss know at this time.  There is little doubt that the defendant would have continued the scheme had the police not recognized the indicia of fraudulent activity during the traffic stop.  Further, the defendant repeatedly provided false information regarding his personal history and the circumstances of the offense during his encounter with law enforcement in a desperate attempt to conceal the nature of his scheme.

8. The Government believes that were the defendant to be released on bond, he would not only pose a financial danger to the community, but a physical danger as well.  Indeed, the defendant's driving was so dangerous that it prompted someone to phone in a complaint to the police.  He is a proven flight risk.  Further, law enforcement officers noted the smell of marijuana in the defendant's car and marijuana residue was observed in the vehicle.  The defendant's marijuana use is confirmed by his military records and his criminal history.  These factors, and the defendant's lack of ties to the Eastern District of Missouri,  indicate a strong likelihood of non-compliance with the conditions of supervision and that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

WHEREFORE, pursuant to Title 18 U.S.C., §§ 3141 and 3142, the Government requests this Court to order a detention hearing three (3) days from the date of defendant's initial appearance and, after such hearing, further to order defendant detained prior to trial.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

_s/Jennifer J. Roy_
JENNIFER J. ROY, #47203MO
Assistant United States Attorney

4

## CERTIFICATE OF SERVICE

I hereby certify that on MARCH 14TH, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

    _s/Jennifer J. Roy_
    JENNIFER J. ROY, #47203MO
    Assistant United States Attorney